**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ARTURO MENDOZA-CARRILLO, | No. 05-75021 |
| Petitioner, | Agency No. A077-166-054 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2010
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Arturo Mendoza-Carillo petitions for review of the order of the Board of

Immigration Appeals dismissing his appeal of the denial of his application for

asylum, withholding of removal, and protection under the Convention Against

Torture.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The Immigration Judge ("IJ") denied Mendoza-Carillo's claims for relief because he found Mendoza-Carillo's testimony both internally inconsistent and inconsistent with the documents in evidence. We review credibility findings for substantial evidence. Tawadrus v. Ashcroft, 364 F.3d 1099, 1102 (9th Cir. 2004). The adverse credibility determination must be upheld "unless any reasonable adjudicator would be compelled to conclude the contrary." Id. (quoting 8 U.S.C. § 1252(b)(4)(B)). The evidence here does not compel a contrary result; rather it substantially supports the IJ's adverse credibility determination. The school certificate and Mendoza-Carillo's own statements materially contradict each other and go to the heart of his claim for asylum. The same lack of credibility dooms his claims for withholding of removal and relief under the Convention Against Torture. See Farah v. Ashcroft, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

Mendoza-Carillo also challenges the IJ's refusal to consider testimony from three proposed witnesses. We review the admission or rejection of evidence for an abuse of discretion. Wicker v. Or. ex rel. Bureau of Labor, 543 F.3d 1168, 1173 (9th Cir. 2008). Even if the IJ abused his discretion by refusing to hear Mendoza-Carillo's witnesses, there was no prejudice. See Harper v. City of Los Angeles, 533 F.3d 1010, 1030 (9th Cir. 2008). None of the witnesses could clarify the contradictions in Mendoza-Carillo's testimony.

2

Accordingly, Mendoza-Carillo's Petition for Review is **DENIED**.